WILLIS P. CHISHOLM, Administrator of WM. A. CHISHOLM, for the use of CHISHOLM & ADAIR, plaintiff in error, *vs.* EDWIN A. TURNER, defendant in error.

Turner sold to Chisholm two negroes and warranted them sound ; the purchase was made on account of Chisholm & Adair, who were partners. An action on the warranty was brought by Chisholm, who died pending the suit, and his administrator was made party plaintiff. On the trial, Adair, the partner of Chisholm, and an usee in the action, was offered as a witness for the plaintiff, and the Court rejected him. *Held*, that the Court erred.

Covenant.    Tried before Judge COLLIER.    DeKalb Superior Court.    October Term, 1867.

Turner sold to Wm. A. Chisholm, for Chisholm & Adair, certain negro slaves in December, 1859, and warranted them sound. Chisholm, for the use of himself and Adair, brought his action of covenant against Turner, claiming damages upon the ground that the negroes were at the time of the warranty, unsound and worthless.

On the trial the plaintiff read in evidence the letters of administration of Willis P. Chisholm, on the estate of said Wm. A. Chisholm, who had died *pendente lite*, a letter from defendant to Chisholm & Adair, dated 8th of March, 1860, in which he declined to refund the money and receive back the slaves, interrogatories of Drs. James F. Alexander and Willis F. Westmoreland as to the unsoundness of said slaves, and the answers to interrogatories by George W. Adair, one of the said plaintiffs as to the unsoundness of said slaves, and showing that Chisholm traded for them for the firm, &c., and closed.

The defendant's attorneys read the answers of Mary A. Edmondson and Mary E. Bond, to interrogatories as to the soundness of said slaves. They also examined as witnesses, Hinton, Weaver and Jabez B. Norton, to prove that said slaves were sound, &c.

While Norton was being cross-examined, he was asked by plaintiffs' attorneys if defendant did not buy other and younger negroes from Thomas J. Dean shortly after the sale to plaintiffs. The Court asked what that had to do with the case, saying he could not well see how it would elucidate the issue, and after explanation by the plaintiffs' attorneys, remarked in the hearing of the jury, "it was pretty far fetched, but as no objection was made, he would let it go for what it was worth."

The defendant was then offered as a witness in his own behalf. He was objected to upon the ground that Chisholm, one of the plaintiffs, was dead. The Court refused to allow him to testify. Defendant's attorneys, in arguing that point, reminded the Court, that Adair, the other plaintiff, had testified in the case. To this the Court replied it was because the testimony was not objected to, that he would then rule out Adair's testimony if defendant's attorneys wished him to do

so. Then defendant's attorneys moved to rule out Adair's answers, and the Court granted the motion. The verdict was for the defendant.

A new trial was moved for upon the grounds that the Court erred in his said remark while Norton was being cross-examined, in ruling out the testimony of Adair, and because the verdict was against the evidence, &c.

The refusal of a new trial is made the ground of complaint in this Court.

HILL & CANDLER, for plaintiffs in error.

GLENN & SON, J. M. & W. L. CALHOUN, by the Reporter, for defendant in error.

WALKER, J.

Since the Act of 15th December, 1866, pamphlet p. 138, Rev. Code, Sec. 3798, no person is incompetent as a witness on account of crime, interest, or being a party; except where one of the original parties to the contract or cause of action in issue, and on trial is dead, or insane; or where a representative is a party in any suit on a contract of his testator or intestate, "the other party shall not be admitted to testify in his own favor." The interest of Adair was no ground for his exclusion; his being a party did not exclude him; on what ground, then, was he excluded? Turner, "the other party," was not dead; why, then, was not Adair competent? We see nothing in the statute to exclude him, and the rejection of his testimony, therefore, was error, for which a new trial must be granted.

Judgment reversed.